UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 96-30037
Summary Calendar

CARL D. JACKSON,

Plaintiff-Appellant,

VERSUS

MARK BADEN, Individually and in his capacity as
Major Rapides Parish Sheriff Dept.; JOHN FAGLIE,
Individually and in his capacity as Captain
Rapides Parish Sheriff Dept.; ROBERT SONDOVAL,
Individually and his capacity as Detective
Rapides Parish,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-1259)

August 1, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

BACKGROUND

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In July 1994, Carl Jackson, a Louisiana resident, filed a civil rights lawsuit against several law enforcement officials in Rapides Parish, Louisiana. He alleged that, in 1988, they had conspired to frame him for the first degree murder of two men. He maintained that he had been detained on the charges for two years before being released on bond and he sought monetary damages. Jackson's complaint was filed by Randy Collins, a Shreveport attorney.

On August 26, 1994, John Sherman, a Texas attorney, petitioned for admission to appear pro hac vice to represent Jackson. The district court granted Sherman's petition, but required him to proceed "in the company of R. Collins of Shreveport, La." Between November 1994 and January 1995, the defendants filed answers to Jackson's complaint.

On May 12, 1995, the court issued a notice, along with a standing pretrial order, scheduling a pretrial conference for August 2, 1995. On June 13, 1995, the court issued an amended scheduling order, directing that "[j]oinder of parties and amendment of pleadings must be completed on or before September 8, 1995," and rescheduling the pretrial conference for December 8, 1995. Dispositive motions were due by October 8, 1995. Pretrial stipulations were to be filed and witness lists were to be furnished to opposing counsel at least two weeks and 90 days prior to the pretrial conference, respectively. The order also stated that "[t]he time limits set forth in this Order shall not be

modified except by leave of Court upon a showing of good cause."

On September 13, 1995, Jackson moved to file an amended complaint to add additional defendants; he included a "certificate of conference" noting he had conferred with an opposing attorney who was unopposed to the filing of the amended complaint. On September 15, 1995, the court granted him leave to file his amended complaint. The amended complaint itself was filed on the same day. The defendants filed answers on October 18, 1995, and November 15, 1995. On December 5, 1995, three of the defendants moved for summary judgment.

On December 7, 1995, Jackson, through attorney Sherman, moved for a continuance of the pretrial conference scheduled for December 8, 1995. Sherman asserted that he was set to appear in federal district court in Texas in a criminal case and that he had not had an opportunity to respond to the defendants' summary judgment motion filed only two days earlier. At the same time, Sherman belatedly submitted a witness list, exhibit list, proposed jury instructions, pretrial stipulations, and proposed voir dire questions. It is unclear why Jackson's other attorney, Collins, could not appear at the conference.[1]

On December 8, 1995, the district court issued a judgment of dismissal, stating that:

---

[1]Although the court allowed Sherman to appear pro hac vice "in the company of" Collins by April 1995, Collins was no longer being listed as co-counsel on Jackson's pleadings.

3

> Plaintiff has failed to comply with the order of this court concerning pretrial procedures, has failed to attend the conference on 8 December 1995, and has caused an inconvenience to those in attendance and to the court. Pursuant to Fed. R. Civ. P. 16(f), this case is hereby DISMISSED. Only upon a showing of good cause and restitution to the other parties will this matter be considered for reopening.

On December 11, 1995, the district court handwrote a note on Jackson's proposed continuance order:

> Denied - Conference has been set for months. Sherman['s] office was advised that a continuance would not be granted & Sherman's presence was expected as well as compliance with pretrial schedule. Sherman didn't appear on 8 Dec - Case was dismissed.

Apparently, no similar warning was given to co-counsel Collins. Jackson timely filed a notice of appeal.

Jackson argues that the district court abused its discretion in dismissing his complaint because there was no "clear record of delay or contumacious conduct" on his part. He contends that the defendants' summary judgment motion was itself untimely.

The defendants-appellees (hereinafter, "appellees") respond that Jackson has provided no excuse for the failure of his other attorney, Collins, to appear at the December 8, 1995, conference. They maintain that neither attorney "made [an] attempt to comply with any portion of the Pretrial Orders until the eve of the Pretrial Conference." They argue that there is a "clear record of contumacious conduct" by Jackson, which "can be nothing other than intentional." They conclude that, "without documentation

4

concerning [Sherman's] criminal trial or when it was scheduled," Jackson's claim regarding the scheduling conflict is completely unsupported.

A judge may order sanctions, including dismissal, "if no appearance is made on behalf of a party at a . . . pretrial conference." Fed. R. Civ. P. 16(f). Sanctions under Rule 16(f) are reviewed for abuse of discretion. **S.E.C. v. First Houston Capital Resources Fund, Inc.**, 979 F.2d 380, 381-82 (5th Cir. 1992). Dismissal is a harsh sanction, and this court will affirm only if a "clear record of delay or contumacious[2] conduct by the plaintiff" exists and "lesser sanctions would not serve the best interests of justice." **Price v. McGlathery**, 792 F.2d 472, 474 (5th Cir. 1986) internal quotation marks and citation omitted).

"[E]ven if the record teems with instances of delay or other egregious behavior, a district court <u>cannot</u> impose the extreme sanction of dismissal `unless the court first finds that a lesser sanction would not have served the interests of justice.'" **First Houston**, 979 F.2d at 382 (quoting **McNeal v. Papason**, 842 F.2d 787, 793 (5th Cir. 1988) (Rule 41(b) dismissal)) (emphasis added). The court must expressly consider such alternative sanctions. **Id**. The court should also consider "aggravating factors such as whether the plaintiff himself contributed to the delay, whether the defendant

---

[2]"Contumacious" has been defined has "willfully and obstinately disobedient." Random House Dictionary (1973 ed.).

suffered actual prejudice, and whether the delay was intentional." **John v. State of La.**, 828 F.2d 1129, 1131 (5th Cir. 1987).

In **John**, this court described the offending attorney's conduct as "careless, inconsiderate, and understandably exasperating to a conscientious trial judge," but held it insufficient to rise to the level of "contumacious," as it "more closely approximate[d] the kind of negligence that does not warrant dismissal with prejudice than the stubborn resistance of authority that does." **Id**. at 1131-32. Usually, "bad faith" or "persistence disobedience to court orders" is required to justify such dismissal. **Id**. at 1132.

Arguably, the court expressly considered alternative sanctions in this case when, on December 8, 1995, it dismissed Jackson's complaint while stating that it would consider reopening the matter if Jackson paid restitution and showed good cause. Nothing in the record suggests an attempt by Jackson to comply with these possible alternatives.

Nonetheless, the court's dismissal order was an abuse of discretion. Neither a "clear record of delay [n]or contumacious conduct" exists on the part of Jackson. Although Jackson moved to amend his complaint two days after the deadline for amendments to pleadings as set by the court's scheduling order, the court granted Jackson leave to file the amended complaint. The scheduling order had left open the possibility that, upon motion, the court would amend deadlines.

6

Except for Sherman's failure to appear at the pretrial conference and his failure to comply with some of the deadlines in the court's scheduling order, no other instance of delay or improper conduct by Jackson or his attorneys appears in the record. The appellees pointedly refer to the failure of Jackson's other attorney, Collins, to offer an excuse for his own failure to appear at the December 8, 1995, hearing. However, the threshold issue addressed in this court's case authority on Rule 16(f) dismissals is not the adequacy of the excuses of those who disobey court orders, but whether a "clear record[s] of delay or contumacious conduct" exists.

The Supreme Court case upon which the appellees rely, **Link v. Wabash R. R. Co.**, 370 U.S. 628 (1962), is distinguishable. The action in **Link** had been pending for approximately six years at the time the district court dismissed it for lack of prosecution, under Fed. R. Civ. P. 41(b), after the plaintiff's attorney failed to appear at a pretrial conference. **Link**, 370 U.S. at 627-28. The attorney in **Link** had phoned the judge's secretary seeking a continuance, **id**., whereas Jackson's attorney filed a written motion for one. The district court in **Link** "set out the entire history of the case," including earlier delays, in justifying its dismissal order. **Id**. at 634-35. The court in this case did no such thing. In any event, the Supreme Court did not require the "contumacious" conduct required by this court to justify a Rule 16(f) dismissal.

7

See **id**., passim.

The appellees' assertions that the failure of Jackson and his attorneys to attend the December 8, 1995, conference was intentional are conclusional. The record in fact shows negligent behavior by Jackson's attorneys, rather than "intentional" or "contumacious" conduct. Jackson's attorneys received no warning about their noncompliant conduct prior to the dismissal order itself.[3] Moreover, there is no evidence of "aggravating factors" such as Jackson's own role in his failure to appear at the conference or that the defendants were prejudiced beyond the costs expended to appear in court. Accordingly, we **VACATE** the judgment of dismissal and **REMAND** for further proceedings.

---

[3] Cf. **Price**, 792 F.2d at 474. In **Price**, this court found a Rule 16(f) dismissal appropriate in the following circumstances: Plaintiff's counsel failed without explanation to comply for ten months with a court order to file a pretrial order, prompting the court to dismiss the case. **Id**. The court then granted the plaintiff's motion to reinstate the case, giving the plaintiff "one last opportunity" to comply with court orders. **Id**. Plaintiff's counsel then failed to appear at the pretrial conference, again without explanation. **Id**. This was deemed a "clear pattern of delay and contumacious conduct."